UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **DELANA WHEATON** | : | Case No. |
| | : | |
| Plaintiff, | : | Judge |
| | : | |
| v. | : | |
| | : | |
| **WEST CHESTER HOSPITAL, LLC, ET AL.** | : | NOTICE OF REMOVAL |
| | : | |
| | : | |
| Defendants. | : | |

---

Defendants Tri-Health, Inc. f/d/b/a Good Samaritan Hospital (collectively, "Defendants") hereby remove to this Court the state court action described below. Removal is warranted under 28 U.S.C. § 1332(d)(11). In support of removal, Defendants state as follows:

### BACKGROUND

On August 19, 2014, Plaintiff Delana Wheaton commenced this action by filing a complaint in the Court of Common Pleas of Butler County, in the State of Ohio, bearing case number CV 2014 08 2221. ("Complaint") (attached hereto as **Exhibit A**). Plaintiff alleges that Dr. Abubakar Atiq Durrani ("Dr. Durrani") performed unnecessary surgeries on him/her that resulted in complications and injuries. Compl. ¶¶ 34. Plaintiff also brings claims against Defendants Tri-Health, Inc. and Good Samaritan Hospital for negligence, negligent credentialing, supervision, and retention, fraud, and spoliation of evidence. Compl. ¶¶ 42-85.

This case is one of hundreds of nearly identical suits against the Defendants. Some of these cases were filed in Hamilton County, and some were originally filed in Butler County. Butler County cases have been dismissed and some of them have been re-filed in Hamilton County. Each of the re-filed cases has been assigned to Hamilton County Common Pleas Judge

1

Robert Ruehlman. On December 7, 2015, in preparation for a December 14 case management conference regarding all of the Hamilton County cases (including those re-filed after being dismissed in Butler County), Plaintiffs' counsel submitted to Judge Ruehlman a lengthy "binder," which included, among other things, a number of motions, descriptions of Plaintiffs' counsel's positions on various pre-trial issues, and lists of cases currently pending or which were to be filed. *See* Plaintiffs' Binder for December 14, 2015 Case Management Conference ("Binder") (attached hereto as **Exhibit B**). In all, Plaintiffs' counsel claimed to represent Plaintiffs in some 520 individual cases as part of this litigation, including 172 already filed in Hamilton County, 258 that Plaintiffs' counsel planned to dismiss in Butler County and re-file in Hamilton County, and 40 more Butler County cases (including this action) that were the subject of a pending motion to transfer to Hamilton County as of December 7.[1] *Id.*, pp. 8, 19-29, 209-23, 226-235.

In the Binder, Plaintiffs unambiguously requested that Judge Ruehlman set "ALL" of these cases—including this action which, at that time, was subject to a live motion to transfer to Hamilton County—for one single, combined trial or, at a minimum, several smaller group trials. *See, e.g.*, Binder, p. 179-80 (listing "[o]ne scheduled trial for ALL cases [to begin] August 1, 2016" as Plaintiffs' top choice in a list of their "Preferences in Order of Preference for Trial Settings"); *id.*, p. 180 (listing "Group Trials with Many Options" as Plaintiffs' second choice); *id.*, p. 126 (stating that "[t]he Court has many options [for setting trial dates, including] [s]chedul[ing] one trial. . . . [or] [s]et[ting] trials by groups . . . ."); *id.*, pp. 153-177 (attaching and citing *Suida v. Howard*, Nos. C-000656, C-000687, 2002 WL 946188 (Ohio Ct. App. May 10, 2002) for the proposition that "group trials [are] allowed]").

---

[1] This motion was later denied. Plaintiffs have filed a motion for reconsideration of the denial of their motion to transfer in each of the 40 cases remaining in Butler County.

Although Judge Ruehlman did not grant Plaintiffs' request for a single trial, in a December 15, 2015 order, the court scheduled several trials as follows:

1) **February 29, 2016**: trial in *Mike & Amber Sand v. Abubakar Atiq Durrani, et al.*, Hamilton County Common Pleas Case No. A 1506694;

2) **February 29, 2016**: trial in *Leona Beyer v. Abubakar Atiq Durran, et al.*, Hamilton County Common Pleas Case No. A 1407452;

3) **March 14, 2016**: trial in *Steven Andrew Schultz v. Abubakar Atiq Durrani, et al.*, Hamilton County Common Pleas Case No. A 1506861;

4) **May 2, 2016**: trial in 14 cases involving Cincinnati Children's Hospital Medical Center;

5) **August 1, 2016**: trial in 24 cases involving "West Chester/UC Health and any hospital named as a Defendant in the C1C2/False Pannus cases";

6) **January 2, 2017**: a "massive group trial" in "all remaining Dr. Durrani cases," which "could take six months to a year."

General Order on all Dr. Durrani Hamilton County Cases for Case Management Conference December 14, 2015, Hamilton County Common Pleas Case No. A1506577 ("General Order") (attached hereto as **Exhibit C**), pp. 11-15.

By proposing a joint trial of the claims of over 100 plaintiffs, Plaintiffs created a "mass action," as defined in 28 U.S.C. § 1332(d)(11), making this case (and the hundreds of others covered by the proposal) removable.

## THIS CASE IS REMOVABLE AS PART OF A MASS ACTION

This case is removable as part of a mass action, pursuant to the mass action provisions of the diversity jurisdiction statute, 28 U.S.C. § 1332(d)(11). A removable mass action meets the following requirements:

a. It involves the monetary relief claims of 100 or more persons that are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions

3

   of law or fact, *see id.* § 1332(d)(11)(B)(i);

  b. The aggregate amount in controversy exceeds $5,000,000 and the claims of the individual plaintiffs exceed $75,000, *see id.* §§ 1332(a), (d)(2), (d)(11)(B)(i); and

  c. Any plaintiff is a citizen of a State different from any defendant, *see id.* § 1332(d)(2)(A).

These requirements are satisfied here.

**A. The Plaintiffs' Binder in the Hamilton County Action Proposed a Joint Trial of the Claims of 100 or More Persons**

  This case is removable as part of a mass action. In the Binder submitted to Judge Ruehlman, Plaintiffs' counsel explicitly proposed that this case be tried jointly with hundreds of other cases. *See* 28 U.S.C. § 1332(d)(11)(B)(i); Binder, pp. 126, 153-177, 179-80. Plaintiffs' counsel based this request on its belief that these cases involve common questions of law or fact. *See* 28 U.S.C. § 1332(d)(11)(B)(i); Binder, p. 179-80 (listing factors that all of the cases proposed to be tried jointly "have in common"); *id.*, p. 186 ("The claims against the hospital Defendants are the same in each case. It's silly to try the same fact issue against the hospital to 500 juries."); *id.*, p. 187 (listing factors "common to all cases"). Thus, the first mass action element is satisfied.

  The "joint-trial proposal" element is met even though this action has just one plaintiff (indeed, most of the cases that were proposed to be tried jointly have just one plaintiff). The Sixth Circuit has not addressed this issue. However, the Seventh, Eighth, and Ninth Circuits have explicitly approved mass action removal of individual actions where each includes fewer than 100 plaintiffs, but the actions are proposed to be tried jointly and, combined, involve at least 100 plaintiffs. *See In re Abbott Labs., Inc.*, 698 F.3d 568, 570-71 (7th Cir. 2012) (removal proper in mass action consisting of ten cases with fewer than 100 plaintiffs each, where, combined, the cases involved several hundred plaintiffs); *Atwell v. Boston Scientific Corp.*, 740 F.3d 1160, 1161-62 (8th Cir. 2013) (removal proper in mass action consisting of three suits, each involving fewer than 100 plaintiffs, even though each case involved fewer than 100 plaintiffs); *Corber v.*

4

*Xanodyne Pharm., Inc.*, 771 F.3d 1218, 1220 (9th Cir. 2014) (removal proper in mass action consisting of several cases, each of which had fewer than 100 plaintiffs but had "far more than 100 plaintiffs when considered together").

Further, removal is proper over all cases that Plaintiffs proposed be tried jointly, including those that are not part of the "massive group trial" set for January 2, 2017. The relevant inquiry is whether Plaintiffs *proposed* a joint trial of the claims of 100 or more plaintiffs, *not* whether the claims of 100 or more plaintiffs are actually adjudicated together in a single trial. As the Seventh Circuit has noted:

> A proposal to hold multiple trials in a single suit (say, 72 plaintiffs at a time, or just one trial with 10 plaintiffs and the use of preclusion to cover everyone else) does not take the suit outside § 1332(d)(11). Recall the language of § 1332(d)(11)(B)(i): any "civil action . . . in which monetary relief claims of 100 or more persons are proposed to be tried jointly" is treated as a "class action" (emphasis added). *The question is not whether 100 or more plaintiffs answer a roll call in court, but whether the "claims" advanced by 100 or more persons are proposed to be tried jointly*.

*Bullard v. Burlington N. Santa Fe Ry. Co.*, 535 F.3d 759, 762 (7th Cir. 2008) (emphasis added); *see also Atwell*, 740 F.3d at 1163 (approving of *Bullard* and noting that "construing the statute to require a single trial of more than 100 claims would render 28 U.S.C. § 1332(d)(11) 'defunct'"); *In re Abbott*, 698 F.3d at 573 ("[I]t does not matter whether a trial covering 100 or more plaintiffs actually ensues; the statutory question is whether one has been proposed.'" (quoting *Bullard*, 535 F.3d at 762)). Thus, the fact that that Judge Ruehlman scheduled two individual trials as well as two group trials for 14 and 24 plaintiffs is irrelevant. Plaintiffs' *proposal*, standing alone, satisfies the first requirement of mass action removal as to each and every case included in that proposal.

For this same reason, this action and the roughly 40 others like it still pending in Butler County are removable as part of the mass action, even though Plaintiffs' Motion to Transfer to Hamilton County was ultimately denied. Again, the relevant inquiry is whether Plaintiffs *proposed* that this case be tried jointly with the claims of 100 or more Plaintiffs. Plaintiffs did

5

just that. The Binder in which Plaintiffs requested a joint trial of "ALL cases" listed "40 cases that have to stay in Butler County but are subject to a pending motion to transfer to Hamilton County" in the same manner that it catalogued the cases pending in or which Plaintiffs planned to re-file in Hamilton County. Binder, pp. 226-29. Indeed, the Motion to Transfer was included in the Binder. *Id.*, pp. 230-35. In that motion, Plaintiffs argued for a transfer so that Judge Ruehlman could preside over this case, partly because Judge Ruehlman "has successfully presided over and been upheld on group medical malpractice trials." *See* Motion to Transfer Venue (attached as **Exhibit D**), pp. 2-3. Thus, on the one hand, Plaintiffs requested that Judge Ruehlman hold one trial for all Dr. Durrani cases that were then or would later come before him. On the other hand, Plaintiffs filed a Motion to Transfer (which was discussed in and attached to the Binder) seeking to place this case and the other remaining Butler County cases before Judge Ruehlman. The proposal for a joint trial clearly included this case within its scope, and therefore the first mass action requirement is satisfied.

**B.     The Amount in Controversy Is Satisfied**

Both the individual $75,000 and aggregate $5,000,000 amount in controversy requirements for mass action removal are satisfied. *See* 28 U.S.C. §§ 1332(a), (d)(2), (d)(11)(B)(i). It is apparent from the face of Plaintiff's Complaint and the serious nature of the "catastrophic injuries" alleged by Plaintiff, *see* Compl. p. 40, that the amount in controversy exceeds $75,000 for Plaintiff, individually. Where, as here, plaintiffs allege serious bodily injuries, courts have readily found that the amount-in-controversy requirement is satisfied. *See In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001); *see, e.g.*, *Smith v. Wyeth, Inc.*, 488 F. Supp. 2d 625, 630-31 (W.D. Ky. 2007); *accord Copley v. Wyeth, Inc.*, No. 09-722, 2009 WL 1089663, at *2 (E.D. Pa. Apr. 22, 2009). This is especially true, where, as here, there is a demand for punitive damages. *See* Compl. p. 41; *Smith v. Nationwide Property and Cas. Ins. Co.*, 505 F.3d 401, 408 (6th Cir. 2007) ("As a general rule, [amount-in-controversy] analysis must also take into account the ability of [plaintiffs] to recover punitive

damages, unless it is apparent to a legal certainty that such cannot be recovered."). Because Plaintiff's claim exceeds $75,000, the aggregate amount in controversy, which embraces the claims of the more than 500 individuals who proposed to have their claims tried jointly (and whose claims also exceed $75,000 each), easily exceeds $5,000,000. Accordingly, the amount-in-controversy requirement is satisfied.

### C.     The Diversity Requirement Is Satisfied

The diversity requirement for mass action removal is also met. *See* 28 U.S.C. § 1332(d)(2)(A), (d)(11)(A). For removal of a mass action, only "minimal diversity" is required, *i.e.*, at least one plaintiff must be diverse from one defendant. *See id.* Here, Defendants, Tri-Health, Inc. and Good Samaritan Hospital are citizens of Ohio for purposes of diversity, and at least one Plaintiff, Steven Andrew Schultz, is a citizen of Indiana. *See Schultz v. Durrani et al.*, Complaint, Hamilton County Common Pleas Case No. A1506861, Complaint, December 16, 2015. Accordingly, all the jurisdictional requirements of mass action removal are met.

### ALL REMOVAL PROCEDURES ARE SATISFIED

Plaintiffs submitted to Judge Ruehlman the Binder proposing a joint trial of the claims of more than 100 Plaintiffs on December 7, 2015. They e-mailed a copy of the Binder to Defendants on that same date. Accordingly, this removal is timely, since it occurred "within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *See* 28 U.S.C. § 1446(b)(3).

Consent of all Defendants is not required for mass action removal. *See id.* §§ 1332(d)(11), 1453(b).

With respect to mass action jurisdiction, removal is not barred by the Ohio citizenship of any Defendants. *See id.* § 1453(b).

Copies of all process, pleadings, and orders served upon Defendants are attached hereto as **Exhibit A**. *See id.* § 1446(a).

7

Written notice of this removal is being provided to all adverse parties and is being filed with the clerk of the Butler County Court of Common Pleas. *See id.* § 1446(d).

Defendants hereby reserve their right to amend this notice of removal.

**WHEREFORE**, Defendants respectfully remove this action from the Common Pleas Court of Butler County, in the State of Ohio, to this Court.

        Respectfully submitted,

        RENDIGS, FRY, KIELY & DENNIS, LLP

        /s/ *Michael P. Foley*
        Thomas M. Evans (0033430)
        Michael P. Foley (0061227)
        Donald C. Adams (0027101)
        600 Vine Street, Suite 2650
        Cincinnati, Ohio 45202
        Telephone:    513 381 9200
        Facsimile:    513 381 9206
        Email Address:    TME@rendigs.com
        MFoley@rendigs.com
        DAdams@rendigs.com
        Attorneys for Defendants TRIHEALTH, INC. F/D/B/A GOOD SAMARITAN HOSPITAL

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 6, 2016, the foregoing was served pursuant to Fed. R. Civ. P. 4 on:

| | |
|---|---|
| Matthew Hammer, Esq.<br>5247 Madison Ave.<br>Independence, KY 41051 | Michael F. Lyon, Esq.<br>James F. Brockman, Esq.<br>David E. Williamson, Esq.<br>Lindhorst & Dreidame Co., L.P.A.<br>312 Walnut St., Suite 3100<br>Cincinnati, OH 45202 |
| Paul McCartney, Esq.<br>Bonezzi, Switzer, Polito & Hupp Co., L.P.A.<br>312 Walnut St., Suite 2350<br>Cincinnati, OH 45202 | Robert A. Winter, Jr., Esq.<br>P.O. Box 175883<br>Ft. Mitchell, KY 41017 |
| Jeffery W. Fichner, Esq.<br>Wes Williams, Esq.<br>Deters, Fichner & Williams<br>6111B Burgundy Hill Dr.<br>Burlington, KY 41005 | Benjamin M. Maraan, II, Esq.<br>Fourth & Walnut Centre<br>105 East Fourth St., Suite 705<br>Cincinnati, OH 45202 |
| Robert E. Blau, Esq.<br>Gregory B. Kriege, Esq.<br>Blau & Kriege<br>3699 Alexandria Pike<br>Cold Spring, KY 41076 | Paul J. Schachter, Esq.<br>Schachter, Hendy & Johnson<br>909 Wright's Summit Parkway, Suite 210<br>Ft. Wright, KY 41011 |
| Robert Poole, Esq.<br>8044 Montgomery Road, Suite 700<br>Cincinnati, OH 45236 | Thomas C. Korbee, Esq.<br>Jennifer L. Lawrence, Esq.<br>The Lawrence Firm<br>606 Philadelphia St.<br>Covington, KY 41011 |
| Ana Perez Crawford, Esq.<br>Porter, Wright, Morris & Arthur<br>One South Main St., Suite 1600<br>Dayton, OH 45202<br>Attorney for Defendant, Journey LIfe of Cincinnati, LLC | Jennifer Orr Mitchell, Esq.<br>Dinsmore & Shohl<br>1900 Chemed Center<br>255 E. Fifth St.<br>Cincinnati, OH 45202<br>Attorney for Defendant, The Christ Hospital |

Bruce D. Knabe, Esq.
Keith W. Collett, Esq.
P.O. Box 145496
Cincinnati, OH 45250
Attorneys for Defendant, The Deaconess
Hospital of Cincinnati

James E. Burke, Esq.
Jacob D. Rhode, Esq.
Keating, Muething & Klekamp
One West Fourth St., Suite 1400
Cincinnati, OH 45202

Nicholas M. Kouletsis, Esq.
Pepper Hamilton
301 Carnegie Center, Suite 400
Princeton, NJ 08543
Attorney for Defendant Medtronic, Inc. and
Medtronic Sofamor Danek, USA, Inc.

J. David Brittingham, Esq.
Dinsmore & Shohl LLP
255 E. Fifth Street, Suite 1900
Cincinnati, OH 45202

Marilena R. Walters, Esq.
Dinsmore & Shohl
191 W. Nationwide Blvd., Suite 300
Columbus, OH 43215
Attorney for Defendants, West Chester
Hospital and UC Health

Mary-Jo Pullen, Esq.
Melissa L. Korfhage, Esq.
Dinsmore & Shohl
1900 Chemed Center
255 E. Fifth St.
Cincinnati, OH 45202
Attorneys for Defendants, West Chester
Hospital and UC Health

Walter Haggerty, Esq.
Bill J. Paliobeis, Esq.
Frost Brown Todd
3300 Great American Tower
301 East Fourth St.
Cincinnati, OH 45202
Attorneys for Defendants, West Chester
Hospital and UC Health

Karen A. Carroll, Esq.
Jeffery M. Hines, Esq.
Rendigs, Fry, Kiely & Dennis
600 Vine St., Suite 2650
Cincinnati, OH 45202
Attorneys for Defendants, West Chester
Hospital and UC Health

Carolyn A. Taggart, Esq.
Kendall V. Shaw, Esq.
Porter, Wright, Morris & Arthur
250 E. Fifth Street, Suite 2200
Cincinnati, OH 45202
Attorneys for Defendant, Journey Lite of
Cincinnati, LLC

Rick L. Weil, Esq.
Reminger Co., LPA
525 Vine St., Suite 1700
Cincinnati, OH 45202
Attorney for Defendant, Journey Lite of
Cincinnati, LLC

Jack C. McGowan, Esq.
McGowan & Jacobs
246 High Street
Hamilton, OH 45011
Attorney for Defendant, Nael Shanti, M.D.

10

14993423.1

/s/ Michael P. Foley
Michael P. Foley

14993423.1